UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRY LaCROIX,

      Plaintiff,

          v.                                    CAUSE NO. 3:22-CV-984-JD-MGG

RON NEAL, et al.,

      Defendants.

OPINION AND ORDER

      Terry LaCroix, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 7.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because he is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

      The court concluded that Mr. LaCroix's original complaint was subject to dismissal under 28 U.S.C. § 1915A. The court afforded him an opportunity to file an amended complaint before dismissing the case, and he responded with the present

filing. The amended complaint is not a model of clarity, but as with the original complaint he describes a series of events occurring in late December 2020 at Indiana State Prison. He sues 12 correctional officers and Warden Ron Neal, seeking monetary damages and other relief.

He first claims that for three days, he was "drugged through food" by Lieutenant Kohen, Sergeant Albright, Officer Wheeler, and Sergeant Stone (first names unknown). The court considers an allegation that four officers worked in concert to "drug" an inmate for a three-day period for unspecified reasons in the vein of "fantastic" or "delusional." *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). Assuming the allegation is not delusional, this is his second time pleading his claims and he still does not provide sufficient factual content about what each of the officers did, what they put in his food, what effect this had on him, or other information for the court to plausibly infer that they violated his constitutional rights. *See Iqbal*, 556 U.S. at 678. He has not stated a plausible claim in connection with this allegation.

He next asserts a claim of excessive force. Under the Eighth Amendment, the "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Mr. LaCroix claims that on December 30, 2020, "an altercation" occurred in his cell with unnamed officers. (ECF 7 at 4.) He was handcuffed and the officers began to escort him to another area of the prison. He claims he was "led to believe I was gonna be assaulted & possibly murdered so I struggled." He claims he was "taken to the ground and shackled" by the officers, but was able to "hook" onto the leg of Officer Palbright.[1] He claims that Lieutenant Kohen, Lieutenant Wins, Lieutenant Gordon, Lieutenant Wilson, Sergeant Stone, Sergeant Albright, Sergeant Wolfred, Sergeant Estavise, Sergeant Weldon, Officer Wheeler, Officer Baldridge, and Officer Tremble (first names unknown) all began "punching, kicking, elbowing, kneeling, slamming & rubbing my head on the concrete." (*Id.* at 3.) After about five minutes, the officers put a second pair of shackles on him, but he "hooked" Officer Palbright's leg a second time. He claims the officers proceeded to beat him for several minutes, sitting on him, stomping on him, punching him, kicking him, and rubbing his head on the concrete floor. He claims he was "taken to medical" after this incident.

Although it can be discerned that Mr. LaCroix was not cooperating with the officers, giving him the inferences to which he was entitled at this stage, he has plausibly alleged that the officers used more force than was necessary under the circumstances. Specifically, he claims that 12 officers sat on him, stomped on his leg, kicked him, and rubbed his head on a concrete floor. The complaint can be read to allege that the 12 officers had the means to subdue him, but they instead beat him for

---

[1] He does not name this officer as a defendant.

several minutes, not to restore order but to cause him unnecessary pain. He claims their actions resulted in lacerations and an "old scar" on his head splitting open, for which he received medical treatment. Further factual development may show that the officers acted reasonably, but he will be permitted to proceed against the officers on a claim for damages.

He next claims the officers used force against him in retaliation for grievances he filed. To assert a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (citation omitted). The third factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).

Filing a grievance qualifies as "protected activity" for purposes of a First Amendment claim. *Gomez*, 680 F.3d at 866. The court will also presume that being subjected to the use of force by multiple guards could "dissuade a reasonable person from engaging in future First Amendment activity." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). However, Mr. LaCroix does not provide sufficient factual content to satisfy the third prong. He states only that he filed "30 grievances on staff for a multitude of constitutional violations," without linking the grievances to any specific defendant or defendants. He also does not provide any dates or even a general time frame for when these grievances were filed for the court to infer some causal link

4

between the filing of the grievances and the incident of excessive force. Merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). This is his second time pleading his claims, and he has not stated a plausible First Amendment claim.

As to the remaining defendant, Warden Neal, he is not mentioned by name in the narrative section, and it appears Mr. LaCroix is trying to hold him liable for damages solely because of his position. As the court previously told Mr. LaCroix, liability under 42 U.S.C. § 1983 is based on personal responsibility, and the Warden cannot be held liable solely because he oversees operations at the prison or supervises other prison staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The closest he comes to mentioning the Warden is when he alleges that "*Defendants* were aware of the assault, excessive force, deliberate indifference, & retaliation happening to Plaintiff & failed to stop or took part in it." (ECF 7 at 3) (emphasis added). His allegations about the "Defendants" collectively are insufficient to state a claim against the Warden under notice pleading standards. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large,

indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing.").

It is true that state actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). However, there is insufficient factual content from which the court could plausibly infer that the Warden was physically present during this incident, that he had a reasonable opportunity to intervene to prevent the use of force, and that he chose to stand by and do nothing. *Miller*, 220 F.3d at 495. Mr. LaCroix has not stated a plausible constitutional claim against the Warden.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Lieutenant Kohen, Lieutenant Wins, Lieutenant Gordon, Lieutenant Wilson, Sergeant Stone, Sergeant Albright, Sergeant Wolfred, Sergeant Estavise, Officer Wheeler, Officer Tremble, Sergeant Weldon, and Officer Baldridge (first names unknown) in their personal capacity for monetary damages for using excessive force against him in violation of the Eighth Amendment on or about December 30, 2020;

(2) DISMISSES Warden Ron Neal as a defendant;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on)

Lieutenant Kohen, Lieutenant Wins, Lieutenant Gordon, Lieutenant Wilson, Sergeant

Stone, Sergeant Albright, Sergeant Wolfred, Sergeant Estavise, Officer Wheeler, Officer

Tremble, Sergeant Weldon, and Officer Baldridge at the Indiana Department of

Correction and to send them a copy of this order and the complaint pursuant to 28

U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States

Marshal Service with the full name, date of birth, and last known home address of any

defendant who does not waive service, to the extent such information is available; and

(6) ORDERS Lieutenant Kohen, Lieutenant Wins, Lieutenant Gordon, Lieutenant

Wilson, Sergeant Stone, Sergeant Albright, Sergeant Wolfred, Sergeant Estavise, Officer

Wheeler, Officer Tremble, Sergeant Weldon, and Officer Baldridge to respond, as

provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

the claim for which the plaintiff has been granted leave to proceed in this screening

order.

SO ORDERED on March 2, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT