UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRY LACROIX, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-984-JD-MGG |
| D. KOHEN, et al., | |
| Defendants. | |

## OPINION AND ORDER

Terry LaCroix, a prisoner without a lawyer, is proceeding in this case "against Lieutenant Kohen, Lieutenant Wins, Lieutenant Gordon, Lieutenant Wilson, Sergeant Stone, Sergeant Albright, Sergeant Wolfred, Sergeant Estavise, Officer Wheeler, Officer Tremble, Sergeant Weldon, and Officer Baldridge (first names unknown) in their personal capacity for monetary damages for using excessive force against him in violation of the Eighth Amendment on or about December 30, 2020[.]" ECF 9 at 6. The defendants filed a motion for summary judgment, arguing LaCroix did not exhaust his administrative remedies before filing this lawsuit. ECF 39. LaCroix filed a response, and the defendants filed a reply. ECF 51, 52, 53, 56. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the

evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants provide evidence showing the following facts: On May 20, 2021, LaCroix first submitted a grievance complaining the defendants used excessive force against him on December 30, 2020 ("May 20 grievance"). ECF 41-1 at 6; ECF 41-4 at 147-49. On June 15, 2021, the grievance office rejected LaCroix's May 20 grievance as untimely. ECF 41-1 at 6; ECF 41-4 at 146. On June 17, 2021, LaCroix submitted another grievance complaining of the defendants' December 30 use of force ("June 17 grievance"). ECF 41-1 at 6; ECF 41-4 at 88-90. Along with this grievance, LaCroix submitted a "Request for Interview" form acknowledging the grievance was late and requesting the grievance office grant him "leeway" because he was suffering from mental diseases including autism, obsessive compulsive disorder, depression, and post-traumatic stress disorder, and was having a hard time dealing with the "assaults and torture" he had experienced. ECF 41-1 at 6; ECF 41-4 at 91. On July 6, 2021, the grievance office rejected LaCroix's June 17 grievance as untimely. ECF 41-1 at 6; ECF 41-4 at 87.

The defendants argue LaCroix did not exhaust his available administrative remedies because he did not timely submit any grievance within ten business days of the December 30 incident. ECF 40 at 5-7. In his response, LaCroix concedes he did not submit any grievance within ten business days of the December 30 incident. ECF 52. The court therefore accepts that as undisputed. Instead, he argues the grievance office made his administrative remedies unavailable by rejecting his grievances as untimely because he showed good cause for the delayed filing. *Id.* at 4.

3

The Offender Grievance Process provides that "An offender wishing to submit a grievance shall submit a completed State Form 45471, 'Offender Grievance,' no later than ten (10) business days from the date of the incident giving rise to the complaint or concern to the Offender Grievance Specialist." ECF 41-2 at 9. In the event that an inmate does not follow the established time limits, the Offender Grievance Process provides:

> An offender who does not follow the established time limits in this procedure may have their grievance or appeal denied for failure to comply to the time frames unless they are able to show good cause. If there are extenuating circumstances which caused the offender a delay in submitting the grievance form within the time frames, the offender must document and submit the reason for the delay on a separate piece of paper with signature and date, and include with the appropriate appeal form or make a request for the specific form to the Offender Grievance Specialist for review. The Warden/designee shall approve or deny such offender delay requests.

*Id.* at 14.

Here, the Grievance Specialist was within his discretion to deny LaCroix's request for a time limit extension and reject his grievances as untimely. Particularly, while LaCroix requested he be granted "leeway" in submitting his grievances because he was suffering from mental conditions and was having a "hard time" dealing with assaults and torture he experienced, he did not explain how his mental state prevented him from submitting a grievance related to the December 30 incident for nearly six months. *See Hurst v. Hantke*, 634 F.3d 409, 412 (7th Cir. 2011) (If an inmate is incapacitated during part or all of the grievance period, he must nevertheless file a grievance "as soon as it was reasonably possible for him to do so"). Specifically, even accepting as true that LaCroix was experiencing various mental conditions, he did not

4

explain how these conditions limited his ability to submit a grievance, particularly where the record shows he submitted numerous other grievances during the relevant time frame.[1] *See Gakuba v. Henderson,* No. 21-3205, 2022 WL 17436513, at *2 (7th Cir. Dec. 6, 2022) (rejecting prisoner's argument that he was physically incapable of using the grievance process because he "showed through his repeated filing of grievances at this time that he was physically able to pursue administrative remedies"). The Grievance Specialist was therefore within his discretion to conclude LaCroix did not show good cause for a time limit extension and to reject his grievances as untimely.

Accordingly, because the undisputed facts show (1) LaCroix did not timely submit any grievance related to the December 30 incident, and (2) the Grievance Specialist was within his discretion to deny LaCroix's request for a time limit extension, the defendants have met their burden to show LaCroix did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment is therefore warranted in their favor.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 39);

(2) DISMISSES this case without prejudice pursuant to 42 U.S.C. § 1997(e)(a); and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Terry LaCroix and to close this case.

---

[1] Between January 29, 2021, and May 17, 2021, LaCroix submitted six grievances and five "Request for Interview" forms unrelated to the December 30 incident. ECF 41-3 at 95, 99, 101, 108, 112, 115-16, 123, 125, 164.

SO ORDERED on December 7, 2023

                                                /s/JON E. DEGUILIO
                                                JUDGE
                                                UNITED STATES DISTRICT COURT